UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVAN LYONS and KARRIE LYONS, Individually,
and KARRIE LYONS, as Next of Friend of KATE
LYONS, a minor,

        Plaintiffs,

v.

UNITED STATES STEEL CORPORATION, a
foreign corporation; EES COKE BATTERY, LLC, a
Michigan corporation, SEA WAY MECHANICAL
CONTRACTORS, a Michigan corporation, and MID-
AMERICAN GROUP, a Michigan corporation,

        Defendants.

Case Number: 09-12097
Honorable Julian Abele Cook, Jr.

## ORDER

This case originated in the Wayne County Circuit Court of Michigan with the filing of a complaint on May 8, 2009, in which the Plaintiffs, Evan Lyons et al, contend that each of them suffered damages as the result of an explosion and the collapse of a gas pipe on the property of the Defendants, United Steel Corporation ("United Steel") et al.

Claiming diversity jurisdiction under 28 U.S.C. §1332 and §1441, one of the Defendants, US Steel, filed a notice of removal and, in so doing, caused the transfer of the case to this federal court on the basis of its diversity jurisdiction. On June 12, 2009, the Plaintiffs filed a motion to remand which is now before the Court for its evaluation.[1]

In their motion to remand, the Plaintiffs contend that, inasmuch as complete diversity does

---

[1] On July 2, 2009, the Plaintiffs submitted an eighteen page reply brief that exceeded the page limits within E.D. Mich. R 7.1(c)(3). *See* Docket Entry #20. Inasmuch as the Plaintiffs have neither sought nor obtained authority from the Court to file such a non-conforming pleading, the Court will not evaluate it. Hence, the Clerk of the Court is instructed to strike this eighteen page reply brief from the record.

not exist between the parties, the Court is without jurisdiction under 28 U.S.C. § 1332 to address the issues in controversy in this case. While conceding that the Plaintiffs, along with EES Coke Battery ("EES") and Sea Way Mechanical Contractors ("Sea Way") are Michigan citizens,[2] U.S. Steel accuses the Plaintiffs of fraudulently joining these Defendants to this litigation in an effort to defeat the diversity jurisdiction of this Court.

I

In certain civil cases, 28 U.S.C. § 1441 grants defendants the right to initiate removal proceedings of cases from state courts to federal district courts. The burden of establishing federal jurisdiction clearly rests with the removing party. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993).

Here, the sole basis for US Steel's removal efforts is the alleged diversity of citizenship between the parties under 28 U.S.C. § 1441 and 28 U.S.C. § 1332. It is axiomatic that diversity jurisdiction exists only if there is complete diversity between the parties, meaning that no party shares the same citizenship as any opposing party. 28 U.S.C. § 1332; *Caudill v. North American Media Corp*., 200 F.3d 914, 916 (6th Cir. 2000). Nevertheless, the law within the Sixth Circuit precludes any party from fraudulently joining non-diverse opponents to a lawsuit as a trial tactic for defeating federal jurisdiction. *See generally, Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (describing fraudulent joinder as a judicially-created exception to requirement of complete diversity).

In order to prove fraudulent joinder, the removing party must present sufficient evidence that

---

[2]Acting on a stipulation between the parties, the Court entered an order on August 26, 2009 which added another Michigan business, Mid-American Group, as a Defendant to this legal proceeding. *See* Docket Entry #31.

a plaintiff could not have established a cause of action against the non-diverse defendants under state law. *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994). However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, the Court must remand the action to a state court. *Id.* Generally, the courts within the Sixth Circuit are urged to assess the issue of removability by focusing on the plaintiff's pleadings. *Union Planters Nat'l Bank of Memphis v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir. 1977). When addressing the removability issues, a trial court is urged to resolve all disputed questions of fact in favor of the non-removing party. *Coyne*, 183 F.3d at 493. Moreover, as is the case with establishing jurisdiction, the removing party bears the burden of proving fraudulent joinder. *Alexander,* 13 F.3d at 949.

II

In its opposition to the Plaintiffs' motion to remand, US Steel proffers affidavits from Stephen F. Tucci, a former US Steel Manager and Gary L. Gross, a Vice President of EES' parent company.[3] US Steel submits that both affidavits conclusively establish that EES cannot be liable inasmuch as it did not own, operate, supervise or control any of the equipment involved in the accident which is the focus of the Plaintiffs' complaint. Moreover, US Steel obtained an affidavit from a Sea Way employee who noted that on the day of the accident, neither he nor any other Sea Way laborer had begun their work on the site. US Steel argues that in light of these unrefuted affidavits, the Plaintiffs' allegations are insufficient to establish a colorable cause of action against

---

[3] US Steel acknowledges that the Tucci and Gross affidavits were originally filed in a companion case to this action, *Pichler v. United States Steel Corporation et al*, Case No. 09-10843. Although the affidavits refer to Pichler as the Plaintiff rather than Lyons, the Court will consider them here since (1) both lawsuits arise out of the same factual circumstance, and (2) the substantive averments by Tucci and Gross are facially applicable and relevant to this case.

either EES or Sea Way.[4]  US Steel maintains - without citing any legal authority - that, after proffering these admissible affidavits to the Court, the burden now shifts to the Plaintiffs who have the responsibility of presenting evidence which must (1) identify a reasonable basis for naming EES and Sea Way as Defendants, and (2) justify their belief that a viable claim exists against either party or both parties under Michigan law.  Furthermore, this argument seemingly ignores Sixth Circuit precedent which directs courts to examine issues relating to removability on the basis of the Plaintiffs' pleadings - and not the evidentiary record.  *Union Planters, supra.* Because there is no showing by US Steel that the Plaintiffs' allegations have failed to create a reasonable basis for EES's or Sea Way's liability, this case must be remanded to the Wayne County Circuit Court for such proceedings as may be appropriate.

Even if the Court had considered the Tucci and Gross affidavits in an effort to resolve the current issue relating to remand, neither attestation establishes nor tends to establish that EES or Sea Way had been fraudulently joined as parties to this litigation.  It may be true that US Steel owned the gas and the pipelines at issue in this case. However, the affidavits do not rule out the possibility - as the Plaintiffs contend - that the gas could have leaked from a faulty valve which belonged to EES at the time of the claimed injuries.  Furthermore, these affidavits do not rebut the Plaintiffs' claim that, as an entity which supplies gas, EES had a broad duty to act reasonably under the circumstances.  In short, the Plaintiffs raise allegations that extend far beyond EES's role in simply delivering gas to US Steel.  This undercuts US Steel's claim that the Plaintiffs have no reasonable

---

[4] US Steel concedes that the coke gas, which it had acquired from EES prior to the exposition and collapse of the pipe line, had traveled to the site of the explosion in the gas pipeline which allegedly caused the injuries to the Plaintiffs. However, US Steel also asserts that the Plaintiffs' complaint is replete with allegations of negligence against EES and Sea Way.

4

cause of action against EES.

Similarly, Acker's affidavit does not support US Steel's argument that the Plaintiffs fraudulently joined Sea Way as a Defendant in this matter. Acker denies working on the site at the time of the explosion, despite contrary allegations by the Plaintiffs that (1) US Steel issued a permit which authorized Sea Way to perform "hot work" (e.g. cutting and welding an area of the gas pipe) near the site of the explosion; (2) records show that Sea Way began its work around 1:00 p.m. on the date of the accident; (3) the explosion occurred at approximately 1:25 p.m.; (4) after the explosion, welding tools and other equipment were found near the area of the pipeline where Sea Way was allegedly working; (5) fire department investigators were told that welding was the cause of the accident; and (6) US Steel shielded investigators from talking to Sea Way employees for several hours for reasons that have led to undocumented speculation. At most, Acker's affidavit raises a factual question about Sea Way's liability. Because Michigan law is clear that a claimant may prove causation by relying on circumstantial evidence, the Plaintiffs have raised at least a colorable claim of negligence against Sea Way. *See generally, Skinner v. Square D Co.,* 445 Mich. 153, 163 (1994).

More than two months after US Steel filed its notice of removal, the parties agreed to add another Michigan Defendant (to wit, Mid-American Group) as a party to this litigation. The very existence of this non-diverse party would, by itself, defeat diversity jurisdiction under 28 U.S.C. § 1332.

III

As a final matter, the Plaintiffs filed a motion in which they seek to obtain $27,650 in attorney fees pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927. They claim that US Steel

should have ceased its removal efforts once it received an adverse ruling on the same issue in *Pichler v. United States Steel Corporation et al*, Case No. 09-10843, the companion to this case. On November 3, 2009, US Steel filed a brief opposing the Plaintiffs' motion.[5]

The relevant portion of the remand statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c)). Yet, the Sixth Circuit has held that in the absence of unusual circumstances, an award of attorney fees is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Warthman v. Genoa Township Bd. of Trustees,* 549 F.3d 1055, 1059 -1060 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005)). Stated differently, a court should not award fees in a situation in which the removal action was "fairly supportable." *Id.* at 1059. Moreover, through 28 U.S.C. § 1927, Congress has authorized courts to grant attorney fees that are reasonably incurred as a result of a litigant who "multiplies the proceedings in any case unreasonably and vexatiously."

Here, the Plaintiffs claim that US Steel lacked an objectively reasonable basis for seeking removal given (1) its knowledge that complete diversity was lacking; (2) its improper focus upon evidentiary showings, rather than on the Plaintiffs' pleadings; (3) its knowledge that the Tucci and Gross affidavits were insufficient to establish a fraudulent joinder; and (4) its receipt of an adverse ruling on this very issue in *Pichler, supra*. Moreover, in extremely conclusory fashion, the Plaintiffs contend that the attorneys for US Steel "unreasonably and vexatiously" multiplied the proceedings

---

[5]Once again, the Plaintiffs submitted a lengthy reply brief that did not comply with the page limits in E.D. Mich. R 7.1(c)(3). *See* Docket Entry #51. Consequently, the Plaintiffs' non-conforming pleading will not be considered by the Court and, like its reply brief at Docket Entry #20, it will be stricken from the record.

here. In response, US Steel notes that it quickly objected to the magistrate's report and recommendation in *Pichler*. US Steel also points out that when it filed its notice of removal here, the Court had not yet ruled on the company's objections to the magistrate's report and recommendation.

After carefully reviewing the record, the Court finds that the Plaintiffs' request for attorney fees is unwarranted. While the Court ultimately disagrees with US Steel's fraudulent joinder analysis, there is no evidence that its position was frivolous or unsupported by law. Moreover, the record does not establish that US Steel acted in bad faith or with an intent to harass the Plaintiffs or their counsel. Because the Plaintiffs have not persuaded the Court that the Defendant's effort to remove the case was either "objectively unreasonable" or vexatious, their request for attorney fees, must be, and is denied.

IV

For the reasons that have been stated above, the Plaintiffs' motion to remand this case to a state court based on the lack of complete diversity must be, and is, granted and the Clerk of the Court is directed to remand this case to the Circuit Court for the County of Wayne, State of Michigan. Furthermore, the Clerk of the Court is directed to strike the Plaintiffs' July 2, 2009 reply brief (Docket Entry #20) and their November 9, 2009 reply brief (Docket Entry #51) from the record. The Plaintiffs' motion for attorney fees is denied. Finally, the remaining pleadings are denied for lack of jurisdiction; namely, (1) the Plaintiffs' motion to strike affirmative defenses and third party claims [Docket Entry #13]; (2) the Plaintiffs' motion to dismiss US Steel's non-party fault claims [Docket Entry #16]; and (3) the Defendant's motion for partial summary judgment [Docket Entry #23]).

IT IS SO ORDERED.

Dated:   January 25, 2010                    S/Julian Abele Cook, Jr.
             Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                                 United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 25, 2010.

                                                 s/ Kay Doaks
                                                 Case Manager